NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-389

IN RE: THE MARSHALL MUSEUM
AND LIBRARY, A LOUISIANA
CHARITABLE TRUST

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 97-7605
HONORABLE KENT SAVOIE, DISTRICT JUDGE

**********
JIMMIE C. PETERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Michael G. Sullivan, Judges.

MOTION TO DISMISS APPEAL GRANTED.

James Gibson
Charles Kreamer
Allen & Gooch
Post Office Drawer 3769
Lafayette, LA 70502
(337) 291-1300
COUNSEL FOR PLAINTIFF/APPELLEE:
    Dr. Stephen Cook

John Stanton Bradford
John J. Simpson
Stockwell, Sievert, Viccellio, Clements & Shaddock
Post Office Box 2900
Lake Charles, LA 70602-2900
(337) 436-9491
COUNSEL FOR DEFENDANTS/APPELLANTS:

**Lawter & Lawter**
**Gabriel, Herman & Peretz, L.L.P.**
**Jack W. Lawter, Jr.**
**Dianne W. Lawter**
**Avi Peretz**
**Dean Herman**
**Alan Gabriel**

**James Watston**
**Roddy & Watson**
**Post Office Box 1743**
**Lake Charles, LA 70602-1743**
**(337) 474-7446**
**COUNSEL FOR DEFENDANTS:**
**Finley Hilliard**
**Kenneth Farrar**

**Jeffrey W. Chambers**
**Ware, Snow, Fogel & Jackson, L.L.P.**
**America Tower, 42nd floor**
**2929 Allen Parkway**
**Houston, TX 77019**
**(713) 659-6400**
**COUNSEL FOR  APPELLEE:**
**Estate of E. Pierce Marshall**

**Gregory Jesse Logan**
**The Logan Law Firm**
**Post Office Box 3424**
**Lafayette, LA 70502**
**(337) 232-6210**
**COUNSEL FOR  APPELLEE:**
**Estate of E. Pierce Marshall**

**Peter J. Butler, Jr.**
**Breazeale, Sachse, & Wilson, L.L.P.**
**Suite 1500, 909 Poydras St.**
**New Orleans, LA 70112**
**(504) 619-1800**
**COUNSEL FOR  APPELLEE:**
**Estate of E. Pierce Marshall**

PETERS, Judge.

The Plaintiff/Appellee, Dr. Stephen Cook, individually and as Trustee of the Marshall Museum and Library, a Louisiana Trust, filed a motion to dismiss this appeal as having been taken from a non-appealable, interlocutory order. For the reasons assigned below, we grant the motion to dismiss.

This litigation arises out of conflicting claims to the proper distribution of the estate of J. Howard Marshall. In the course of these proceedings, the Defendants/Appellants filed numerous declinatory and dilatory exceptions. The Appellee filed a motion to strike and/or motion in limine. Following a hearing on these pleadings, the trial court granted the Appellants' exception of prematurity on the issue of defamation and dismissed the Appellee's claim for defamation without prejudice. The trial court also granted the Appellants' exception of no cause of action on the claim of tortious interference with a contract and dismissed the Appellee's claim without prejudice. As to all other claims, the trial court denied the exception of prematurity and the exception of no cause, and also denied the remaining exceptions filed by the Appellants. Further, the trial court granted the Appellee's motion to strike/limine seeking to have an exhibit of the Appellants' memorandum stricken from the record. The Appellants filed their motion for appeal on August 29, 2007. On March 3, 2008, the trial court designated the judgment at issue as final pursuant to La.Code Civ.P. art. 1915(B). The record in this appeal was lodged on April 14, 2008.

The only adverse rulings, as to the Appellants, contained in the appealed judgment are interlocutory rulings which denied the Appellants' exceptions and which granted the Appellee's motion to strike/limine. Although the

1

judgment does contain two rulings that could be appealed, these rulings are partial grants of the Appellants' exceptions and are, therefore, rulings in the Appellants' favor. Moreover, in their opposition filed in response to this motion to dismiss, the Appellants did not assert that they were appealing any issues pertaining to these arguably appealable rulings. Therefore, the only issues remaining about which the Appellants could be complaining are interlocutory rulings. La.Code Civ.P. art. 1841.

In their response to the motion to dismiss, the Appellants ask, if this court should find this appeal improper, that this court convert this appeal to an application for supervisory writs. Although the judgment sought to be appealed by Appellants is interlocutory, we find that this appeal cannot be converted to a writ application. The Appellants' motion for appeal was filed too late to be considered a timely filed notice of intent to seek a supervisory writ pursuant to Uniform Rules—Courts of Appeal, Rule 4–3. Therefore, we hereby dismiss the instant appeal at Appellants' cost.

**<u>MOTION TO DISMISS APPEAL GRANTED.</u>**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.

2